# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRELLINY TURNER | Case No. 7:04-CR-20 (HL) |

## ORDER

Before the Court is Defendant Trelliny Turner's pro se Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming (Doc. 247) and Motion for Sentence Reduction, filed pursuant to 18 U.S.C. § 3582, Sentencing Guideline § 3B1.2, and Amendment 794. (Docs. 261). For the reasons discussed herein, the Court **DENIES** Defendant's motions.

## I.   BACKGROUND

A grand jury in this district returned a Superseding Indictment on February 16, 2005, charging Defendant Trelliny Turner, along with co-Defendants William L. Broxton and Robert L. Broxton, with crimes relating to breaking into the United States Post Office located in the federal building in Valdosta, Georgia. (Doc. 41). On April 5, 2005, at the conclusion of a six-day trial, a jury found Defendant guilty on Count One, Conspiracy to Steal United States Mail, in violation of 18 U.S.C. § 371 in connection with 18 U.S.C. § 1708; Count Two, Theft of United States Mail, in violation of 18 U.S.C. § 1708; Count Three, Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314; Count Six, Misleading

Statements, in violation of 18 U.S.C. § 1512(b)(3); Count Eight, Money Laundering, in violation of 18 U.S.C. § 1957. (Doc. 78). The jury acquitted Defendant on Count Seven, Money Laundering. (Id.).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). With a total offense level of 24 and a criminal history category of I, Defendant's advisory sentencing guideline range became 51 to 63 months. At the sentencing hearing held on July 21, 2005, the Court found the advisory sentencing guideline range to be inadequate and imposed the following sentence outside the advisory sentencing guideline range: 60 months on Counts One and Two, to be served concurrently to each other; 120 months on Counts Three and Six, to be served concurrently with each other and concurrently with Counts One and Two; 120 months on Count Eight, to be served consecutively to all other counts. (Docs. 97, 115, p. 8). The Court imposed a total term of imprisonment of 240 months, to be followed by three years supervised release. (Doc. 97).[1] Defendant appealed her sentence. The Eleventh Circuit Court of Appeals rejected Defendant's arguments on appeal and affirmed her sentence. (Doc. 161).

---

[1] The Court entered an amended judgment on September 9, 2009. (Doc. 215). The amendment addressed the payment of restitution and did not otherwise alter the sentence imposed.

## II. DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as the result of an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. §1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Here, Defendant argues under § 3582(c)(2) that Amendment 794, which applies to U.S.S.G. § 3B1.2 and addresses mitigating role reductions, applies to reduce her term of imprisonment.

Amendment 794 became effective on November 1, 2015 but is not listed as a retroactive amendment under U.S.S.G. § 1B1.10(d). See United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016) (citing United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016)) (holding that as a clarifying amendment, Amendment 794 applies retroactively only on direct appeal). Defendant was sentenced more than ten years prior to the effective date of Amendment 794. Consequently, any potential relief afforded by the Amendment is not available to Defendant. Moreover, Amendment 794 "merely explains the meaning of the terms in the original guideline" rather than substantively altering the guideline itself. Cruickshank, 837 F.3d at 1194 (citing United States v. Jerschower, 631 F.3d 1181, 1184 (11th Cir. 2011)); see also U.S.S.G. Supp.

App. C, Amend. 794, Reason for Amendment (stating that Amendment 794 provides "additional guidance to sentencing courts").

Defendant next moves the Court to reduce her sentence in light of her post-sentencing conduct. During her incarceration, Defendant reports that she has completed sixty-six (66) certificate programs.

While a defendant's eligibility for relief under § 3582(c)(2) presents a legal question, the district court's "decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." United States v. Williams, 557 F.3d 1254, 1257 (11th Cir. 2009). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. backg'd. In evaluating whether and to what extent a sentence should be reduced, the district court must take into account the factors listed in 18 U.S.C. § 3553(a) as well as public safety considerations. U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(ii); see also Williams, 557 F.3d at 1256. Additionally, the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction." Id. § 1B1.10 cmt n.1(B)(iii).

Because Defendant has not demonstrated that she is entitled to a sentence reduction under a retroactive Sentencing Guidelines amendment, the Court lacks authority to reduce her sentence based on her post-conviction

4

rehabilitation efforts. See 18 U.S.C. § 3582. Defendant's motion to reduce her sentence is accordingly denied.

## III. CONCLUSION

For the foregoing reasons, Defendant Trelliny Turner's Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming (Doc. 247) and Motion for Sentence Reduction, filed pursuant to 18 U.S.C. § 3582, Sentencing Guideline § 3B1.2, and Amendment 794 are **DENIED**.

**SO ORDERED** this 20th day of August, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks